**LEWIS BRISBOIS BISGAARD & SMITH LLP**
MARK A. OERTEL, SB# 120141
  E-Mail: Mark.Oertel@lewisbrisbois.com
ANGELA A. ZANIN, SB# 229149
  E-Mail: Angela.Zanin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiff,
Developers Surety and Indemnity Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| DEVELOPERS SURETY AND INDEMNITY COMPANY, a Florida corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TILDEN-COIL CONSTRUCTORS, INC., a California corporation.<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>Trial Date:    None Set |

Plaintiff, DEVELOPERS SURETY AND INDEMNITY COMPANY ("Developers") alleges:

**PARTIES**

1. Developers was, at all times mentioned, and now is, a corporation with its principal place of business in the State of Florida and is licensed and authorized to do and is doing business in the State of California as a surety company.

2. Developers is informed and believes, and thereon alleges that Defendant Tilden-Coil Constructions, Inc. ("Tilden-Coil") is a California corporation with its principal place of business at 3612 Mission Inn Avenue, Riverside, California 92501.

///

## JURISDICTION AND VENUE

3. This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. §§1332(a), 1441, and 1446. Specifically, this Court has federal diversity jurisdiction pursuant to §1332 because: (1) the amount in controversy exceeds $75,000.00 exclusive of interest and costs; and (2) there is complete diversity between Developers on the one hand, and Tilden-Coil on the other.

4. Venue is proper in this District under 28 U.S.C. §1391(a) because the contracts and projects at issue were in this District.

## UNDERLYING FACTS

5. On October 24, 2022, Tilden-Coil entered into a Prime Contract with the City of Palm Springs to perform construction work at the Palm Springs Navigation Center ("Project").

6. On February 15, 2023, Tilden-Coil entered into a subcontract with Modules Inc. dba California Modulars ("CA Modulars"), which provides in relevant part:

**General Inclusions:**

1. A 100% Faithful Supply Bond will be required.

\*\*\*

**General Trade Inclusions:**

24. Design, engineering, fabrication, delivery, and installation of modular housing.

25. Modular Scope of work is a Deferred Approval. Time is of the essence.

    A. provide a design/build code compliant modular housing system in accordance with all applicable national and local standards. A basis of design has been provided in the plans to identify the minimum requirements of the modular housing. Subcontractor is responsible for all structural, Mechanical, Electrical, Plumbing, Fire Alarm, and Fire Engineering and submission to local and state jurisdictions.

    B. Subcontractor has all permit fees associated with

> submission and pulling permits at the City of Palm Springs and State of California as required.
>
> C. BONDING OF SUBCONTRACTOR - Concurrently with the execution of this Agreement or at any time during its performance, SUBCONTRACTOR shall, if required by CONTRACTOR, execute a supply Bond, in an amount equal to 100% of the Contract Price in Section 3. Said bonds shall be executed by a California admitted corporate surety acceptable to CONTRACTOR and shall be on forms provided by CONTRACTOR. For all change orders causing additions greater than either $100,000 or 15% of the previously bonded amount of the subcontract, SUBCONTRACTOR will be responsible for obtaining Consent of Surety in the form of an increase rider, which shall increase the original bond to an amount equal to the new subcontract amount. SUBCONTRACTOR shall pay the original premium cost on said bonds and CONTRACTOR will reimburse SUBCONTRACTOR, unless otherwise provided herein or in the Contract Documents. Any increase in premium on said bonds due to change orders shall be the responsibility of the SUBCONTRACTOR…

A true and correct copy of the Subcontract between Tilden-Coil and CA Modulars is attached as Exhibit A and incorporated in full by this reference.

7. On March 23, 2023, Developers issued a "Supply Contract Bond" to CA Modulars, as principal and Tilden-Coil as obligee, for the Project, in the sum of $5,555,555.18, which provides:

> NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION IS SUCH, That if the Principal shall faithfully perform said supply contract according to its terms, covenants, and conditions, then this obligation shall be void; otherwise it shall remain in full force and effect.

A true and correct copy of the Supply Bond is attached as Exhibit B and incorporated in full by this reference.

8. On September 29, 2023, Developers issued a Rider to the Supply Bond and the penal sum of the Supply Bond was increased to $7,136,913.18.

9. On October 18, 2024, Tilden-Coyle made a claim under the Supply Bond to Developers, stating:

> As CA Modulars failed to make the necessary corrections to the modulars, Tilden-Coil hired local companies to correct the defective units and install the missing

> components on a Time and Material Basis…CA Modulars failed to supply the project with all materials and products in their contract. The following are materials and products that were not provided by CA Modulars: steel, stairs, railing, decking, bed frames, ovens, and sheet metal downspouts. CA Modulars requested that Tilden-Coil procure, furnish, and deliver these products on their behalf. This effort was also tracked on a Time and Material Basis…
>
> To date, Tilden-Coil has incurred costs totaling $3,460,405. Tilden-Coil is projecting an additional $465,750 will be required to complete the project, for a total of $3,926,155 on the account of CA Modulars. This claim is in the amount of $3,926.155.

10. On October 23, 2024, Developers' consultant, Mike Saba of Guardian Group, responded to Tilden-Coil, on behalf of Developers denying the claim on the Supply Bond:

> [CA Modulars] dispute[s] Tilden-Coil's claims and assert[s] that CA Modular[s] ha[s] complied with the contract terms. Moreover, they claim that Tilden-Coil has not paid them since April 2024 and many of the items on the punch list are for work that is not with[in] the original scope of work. They further advised that they intend to pursue a payment bond claim against Tilden-Coil's surety for non-payment.
>
> As we have discussed in our various conversations and correspondence, Developers has contended that the Supply Bond is conditioned upon "furnishing Modular Builder Work for the Palm Springs Navigation Center". That condition has been met by CA Modular and Developers obligation has been satisfied. Developers underwriting file shows that Tilden-Coil was aware that the "Supply Bond" was issued only to guarantee the furnishing the buildings by CA Modular to the project. Developers never intended to issue or provide a "Performance Bond" nor was a Performance Bond requested by Tilden-Coil…
>
> Developers contend that the condition of the Supply Bond has been met and its bond is exonerated. As such, Developers has no alternative but to deny Tilden-Coil's claim against the Supply Bond.

/ / /

/ / /

/ / /

/ / /

# FIRST CAUSE OF ACTION
## (DECLARATORY RELIEF)
### (As Against Tilden-Coil)

11. Developers refers to and incorporates herein by reference as though fully set forth below, its allegations contained in Paragraphs 1 through 10 herein.

12. This is a declaratory relief action pursuant to 28 U.S.C. §2201 and 28 U.S.C. §2202, for the purpose of determining a question of actual controversy between the parties concerning their rights and duties under the Subcontract and the Supply Bond.

13. An actual controversy has arisen and now exists between Developers and Tilden-Coil regarding the obligation of Developers under the Supply Bond. Developers contends that the Supply Bond is conditioned upon furnishing Modular Builder Work for the Project, and that condition has been met by CA Modular, such that Developers' obligation is exonerated under the Supply Bond.

14. Developers has no adequate remedy at law and desires a judicial determination of the respective rights, duties and interests of the parties in accord with the contentions set forth herein. A prompt adjudication of this controversy is necessary and proper at this time so that the parties may ascertain their respective rights, duties and interests under the Subcontract and Supply Bond.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

WHEREFORE, Developers prays for judgment against Tilden-Coil, and each of them, as follows:

1) On the First Cause of Action that the Court issue a declaration that Developers is discharged of its liability under the Supply Bond.

DATED: September 16, 2025

MARK A. OERTEL
ANGELA A. ZANIN
LEWIS BRISBOIS BISGAARD & SMITH LLP


By: _____/s/ Angela A. Zanin_____
ANGELA A. ZANIN
Attorneys for Plaintiff, Developers Surety and Indemnity Company